1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANICE D. AYLER,

Plaintiff,

v.

IQ DATA INTERNATIONAL INC., and
SILVER RIDGE VILLAGE LLC,

Defendants.

CASE NO. C24-5076 BHS

ORDER

13

14

15

16

17

18

19

20

21

22

This matter is before the Court on Plaintiff Janice Ayler's motion for default

judgment. Dkt. 11. Ayler asserts that Defendant Silver Ridge Village LLC has failed to

plead or otherwise defend under Federal Rule of Civil Procedure 55(a). *Id.* at 1.

Ayler filed a Proof of Service indicating that she served a summons and complaint

on Hannah Witherspoon, "who identified themselves as the person authorized to accept

with identity confirmed by subject stating their name." Dkt. 10 at 1.

On this record, the Court is unable to verify whether Witherspoon is authorized to

receive service of process under Fed. R. Civ. P. 4(h). Washington's Secretary of State

website does not list Witherspoon as a person who is authorized to receive service of

ORDER - 1

1  process for Silver Ridge Village LLC.[1]  The Secretary of State lists Yanna Zhang as

2  Silver Ridge's registered agent (and one of its governors). The other listed governor is

3  Qing Zhong. Ayler did not serve either of these people, and she does not explain how or

4  why Witherspoon was authorized to accept service. Therefore, Ayler is not entitled to

5  entry of default, let alone a default judgment.

6       Even if Ayler effected proper service, she would not be entitled to default

7  judgment. Upon entry of default, this Court takes as true the factual allegations in the

8  non-defaulting party's complaint, except those related to the amount of damages. Fed. R.

9  Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

10  Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default

11  judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068,

12  1071 (C.D. Cal. 2004) (internal quotation marks omitted) (quoting *Valley Oak Credit*

13  *Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)). The "general rule [is] that

14  default judgments are ordinarily disfavored. Cases should be decided upon their merits

15  whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)

16  (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether

17  to grant a default judgment lies within the district court's discretion. *Id.*

18

19

20       [1] The following hyperlink to the Washington Secretary of State website lists Silver Ridge Village LLC's registered agent and governors:

21  https://ccfs.sos.wa.gov/?_gl=1*9k1boh*_ga*ODg0Nzk2NzIwLjE2NjQzMjA3NjM.*_ga_7B08V E04WV*MTcxMjA5OTc5MC4zLjAuMTcxMjA5OTc5NS4wLjAuMA..#/BusinessSearch/Busin

22  essInformation.

ORDER - 2

1    Under *Eitel*, the Court considers seven factors in deciding whether to grant a

2    default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the

3    plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money

4    at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

5    whether the default was due to excusable neglect; and (7) the strong policy underlying the

6    Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1471–

7    72.  Ayler does not discuss any of these factors.

8    Accordingly, Ayler's motion for default judgment, Dkt. 11, is **DENIED**.

9    **IT IS SO ORDERED**.

10    Dated this 3rd day of April, 2024.

11

12

13                                          _____

14                                          BENJAMIN H. SETTLE
                                            United States District Judge

15

16

17

18

19

20

21

22

ORDER - 3